IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BRIANA DAVIS** § | | |
| **Plaintiff,** § | | |
| § | | |
| § | | |
| VS. § | | **CIVIL ACTION NO:** _____ |
| § | | |
| **THE UNITED STATES OF AMERICA** § | | |
| **Defendant.** § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Briana Davis hereby files this Original Complaint against the United States of America, Defendant herein, and for causes of action would respectfully show the following:

## I.
## PARTIES

1. Plaintiff, Briana Davis, is a natural person residing in Harris County, Texas.

2. Defendant, the United States of America, (hereinafter "Defendant" or "USA") is the government and may be served with process by serving the United States Attorney for the district were the action is brought which is Nicholas J. Ganjei, US attorney for the Southern District of Texas located at the U.S. Attorney's Office, Southern District of Texas, 1000 Louisiana, Ste. 2300, Houston, TX 77002, or by delivering the summons and complaint to an assistant United States attorney or clerical employee whom the United States attorney designated in writing filed with the court clerk.

3. In the alternative, the summons and complaint made be served by sending same by certified mail to the civil-process clerk at the United States attorney's office which is Andrea

Henckel, located at U.S. Attorney's Office, Southern District of Texas, 1000 Louisiana, Ste. 2300, Houston, TX 77002.

4.      Pursuant to FRCP 4(1)(A)(i)(b), the United States of America, is also being served by sending the complaint and summons by certified mail to the Attorney General of the United States at Washington, DC, which is Pam Bondi, located at U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

## II.
## VENUE AND JURISDICTION

5.      Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 (b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendant is thus amenable to personal jurisdiction in this District.

6.      Jurisdiction is proper pursuant to 28 U.S.C.A. § 1346 (b)(1) in which a District Court shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

7.      Jurisdiction is also proper pursuant to 28 U.S.C.A. §1331 in which district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  The case involves a federal question and the liability of the United States pursuant to 28 U.S.C.A. § 2674, and the Federal Tort Claims Act.

## III.
## FACTS

8. On May 4, 2022, Sammy Anthony Gonzales was acting in the course and scope in his capacity as an officer the Drug Enforcement Administration.

9. On May 4, 2022, Sammy Anthony Gonzales was operating a 2020 White Ford F-150, with license plates NFH7141.

10. On May 4, 2022, Sammy Anthony Gonzales traveling southbound on Mayberry Street.

11. On May 4, 2022, Sammy Anthony Gonzales approached the intersection of the Mayberry Street and Rinn Street.

12. On May 4, 2022, Sammy Anthony Gonzales approached a stop sign at the intersection of the 9600 block of Mayberry Street.

13. On May 4, 2022, Sammy Anthony Gonzales failed to yield the right of way at the stop sign.

14. On May 4, 2022, the vehicle driven by Sammy Anthony Gonzales made impact with a vehicle driven by Briana Davis.

15. On May 4, 2022, the collision between the vehicles driven by Sammy Anthony Gonzales and the vehicle driven by Briana Davis occurred around 7:10 p.m.

16. On May 4, 2022, at the time of the collision between the vehicles driven by Sammy Anthony Gonzales and the vehicle driven by Briana Davis, Sammy Anthony Gonzales was acting in the course and scope of his duty as an officer of the Drug Enforcement Administration.

17. On May 4, 2022, on or about 7:10 p.m., Mr. Gonzales was traveling southbound on Mayberry St.

18. The negligence of the United States of America was a proximate cause of the incident in question, and the injuries sustained by the Plaintiff.

19. Further, Plaintiff complied with 28 U.S.C. § 2675 and presented her claim on March 21, 2024, in writing to the United States Drug Enforcement Administration. Plaintiff sought recovery for personal injuries she sustained as a result of the collision. The letter was sent by certified mail number 7020 1290 0001 0689 4566 and was received by the US on April 10, 2024.

20. On October 23, 2024, the US Justice Department confirmed it had received notice of the claim and presented an offer, but the claim has not been resolved.

21. The United State of America has had six months from the date which Plaintiff presented her claims by which to adjudicate the claims.

22. As a result, Plaintiff has fully complied with 28 U.S.C. § 2675 et. al.., before filing suit.

## IV.
## VICARIOUS LIABILITY

23. The United States of America, is vicariously liable for the acts and/or omissions of Sammy Anthony Gonzales under the theory of respondeat superior since Mr. Gonzales was acting in the course and scope of his employment with the United States of America at the time of the collision.

24. Any reference to Sammy Anthony Gonzales is a direct reference to the United States of America.

## V.
## COUNT ONE-NEGLIGENCE

25. The negligence of Sammy Anthony Gonzales was a proximate cause of the occurrence in question. Sammy Anthony Gonzales had a duty to exercise reasonable care, and

Sammy Anthony Gonzales breached such duty by the following acts and/or omissions, including but not limited to:

    a. Failing to yield the right of way;

    b. Failing to control the speed of the vehicle;

    c. Failing to pay attention to the driving conditions;

    d. Operating the vehicle at a greater rate of speed than was reasonably prudent;

    e. Failing to take proper evasive action;

    f. Failing to timely apply the brakes;

    g. Failing to avoid the collision;

    h. Failing to maintain a proper lookout;

    i. Failing to drive in a reasonably attentive manner;

    j. Violating the terms and provisions of the Texas Transportation Code and,

    k. Failing to act as a reasonably prudent driver would have done under the same or similar circumstances.

26. Each of the above referenced acts or omissions by Sammy Anthony Gonzales singularly or in combination, directly and/or proximately caused Plaintiff's injuries and damages.

27. The negligence of Sammy Anthony Gonzales is imputed to the United States of America since Mr. Gonzales was acting in the course and scope of his employment at the time of the collision. The negligence of the United States of America was a proximate cause of the occurrence in question.

## VII.
## COUNT III - NEGLIGENT HIRING/SUPERVISION

28. The United States is liable to the Plaintiff for its negligent hiring and supervision of Sammy Anthony Gonzales. The negligence of the United States was a proximate cause of the

occurrence in question.  The United States failed to properly screen, evaluate, investigate, test, and/or research the background and driving habits of Sammy Anthony Gonzales. The United States failed to hire, retain and supervise qualified and competent drivers to operate vehicles for purposes of drug enforcement.  Had the United States properly investigated or supervised Sammy Anthony Gonzales, it would have discovered that Mr. Gonzales was an unfit and reckless driver, all of which was a proximate cause of the occurrence in question.  Further and in the alternative, the United States failed to provide proper training and supervision of Mr. Gonzales regarding the proper and safe operation of vehicles which was a proximate cause of the occurrence in question.

## VIII.
## DAMAGES

29.     As a direct and proximate result of the actions and/or omissions of the Defendant, Plaintiff has sustained damages in the past, and, in all reasonable probability, will sustain damages in the future, for medical expenses, pain and suffering, mental anguish, physical impairment, disfigurement, and loss of enjoyment of life.  Plaintiff also seeks an award for post judgment interest, and court costs.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the United States of America be cited to appear and answer herein.  Plaintiff also prays that upon final hearing of this cause, that Plaintiff is awarded a judgment against the Defendant for all damages described herein, including actual damages, costs of suit, post-judgment interest at the highest legal rate, and for such other and further relief, both general and special, at equity and in law, to which Plaintiff may show herself justly entitled.

Respectfully submitted,
**KWOK DANIEL LTD., L.L.P.**

*/s/ Joshua R. Leal*

**Joshua R. Leal**
SBN: 24048609
Email: jleal@kwoklaw.com
2050 W. Sam Houston Pkwy S., Ste 1500
Houston, Texas 77042
Telephone: 713.773.3380
Facsimile: 713.773.3960

**ATTORNEY FOR PLAINTIFF**